Index No.  15 CV 3547 (RJD)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CLARICE PFEFFER, DULCE MALAGON,
JUAN FERNANDEZ, MILYA
SMOTRITSKIY, ELVIRA CARDONA,
JULIO ADON, RAMON PERALTA and
NATALIA CASTILLO PERALTA,
individually and on behalf of all others
similarly situated,

Plaintiffs,

- against -

NEW YORK CITY DEPARTMENT OF
FINANCE, JACQUES JIHA, as Commissioner
of the NYC Department of Finance,
NYSANDY3 NBP3, 509 REALTY GROUP,
LLC and 4401 SUNSET HOLDINGS, LLC,

Defendants.

## MUNICIPAL DEFENDANTS'
## MEMORANDUM
## OF LAW IN OPPOSITION TO PLAINTIFFS'
## MOTION FOR CLASS CERTIFICATION

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for New York City Department*
*of Finance and its Commissioner,*
*Jacques Jiha*
*100 Church Street*
*New York, N.Y.  10007*
*Tel:  (212) 356-2178*

SHERYL NEUFELD,
MICHELLE GOLDBERG-CAHN,
LOUISE LIPPIN,
  Of Counsel.
September 11, 2015

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .......................................................................................... iii

PRELIMINARY STATEMENT ....................................................................................... 1

STATUS OF THE CASE .................................................................................................. 5

ARGUMENT

      POINT I

            CLASS CERTIFICATION IS NOT NECESSARY
            OR APPROPRIATE AS PLAINITFFS' CLAIMS
            ARE MOOT ..................................................................................... 6

      POINT II

            PLAINTIFFS FAIL TO SATISFY THE
            REQUIREMENTS OF RULE 23 ............................................................. 9

      POINT III

            THE PROPOSED CLASS IS OVERBROAD ......................................... 14

CONCLUSION ................................................................................................................ 16

# TABLE OF AUTHORITIES

<u>Cases</u> <u>Pages</u>

Allen v. McCurry,
   449 US 90, 94 (1980) ........................................................................................13

Amador v. Andrews,
   655 F3d 89 (2d Cir 2011) ..................................................................................7

Amchem Prods., Inc. v. Windsor,
   521 US 591 (1997).............................................................................................9

Bank v. Caribbean Cruise Line, Inc.,
   606 Fed Appx 28 (2d Cir 2015).........................................................................7

Briceno v. USI Servs. Group, Inc.,
   2012 U.S. Dist. LEXIS 144866 (E.D.N.Y. Sept. 28, 2012) ............................15

Califano v. Yamasaki,
   442 US 682 (1979)............................................................................................9

Caridad v. Metro-North,
   191 F.3d 283 (2d Cir 1999) ............................................................................13

Comer v. Cisneros,
   37 F3d 775 (2d Cir. 1994) ................................................................................7

Etuk v. Slattery,
   936 F2d 1433 (2d Cir. 1991) ............................................................................7

Galvan v. Levine,
   490 F2d 1255, 1261 (2d Cir. 1973) ..................................................................8

Gariety v. Grant Thornton LLP,
   368 F.3d 356 (3d Cir. 2004) .............................................................................9

General Tel. Co. v. Falcon,
   457 US 147 (1982).............................................................................................9

Gordon v. Health & Hospital Corp.,
   2008 US Dist LEXIS 27606 (EDNY 2008) ....................................................13

Guan Ming Lin v. Benihana Nat'l Corp.,
   275 FRD 165 (SDNY 2011).............................................................................15

Harrison v. Harlem Hospital, et al,
   364 Fed Appx 686 (2d Cir. 2010).....................................................................14

**Statutes**                                                                       **Pages**

In Re Saloman Analyst Metromedia Litigation,
  236 F.R.D. 208 (SDNY 2006) .......................................................................................13

In Re Sumitomo Copper Litigation,
  262 F3d 134 (2d Cir. 2001) ..........................................................................................15

Initial Public Offering Securities Litigation v. Merrill Lynch & Co., Inc.,
  2006 U.S. App. LEXIS 29859 (2d Cir. 2006) ..........................................................10

Lewis v. Continental Bank Corp.,
  494 US 472 (1990).........................................................................................................7

Los Angeles v. Lyons,
  461 US 95  494 US 472 (1990) .....................................................................................7

Lundquist v. Sec. Pac. Auto. Fin. Servs. Corp.,
  993 F.2d 11 (2d Cir. 1993) ..........................................................................................15

Mayers, et al v. NY Community Bancorp Inc., et al,
  2005 US Dist LEXIS 20279 (EDNY 2005) ...............................................................8

Murphy v. Hunt,
  455 US 478 (1982)..........................................................................................................7

Newman v. RCN Telecom Servs., Inc.,
  238 F.R.D. 57 (S.D.N.Y. 2006)..................................................................................15

Ruiz, et al v. Commissioner of the Department of Transportation
  of the City of New York, et al
  858 F2d 898, 902(2d Cir. 1988) ...................................................................................8

Shabazz v. Morgan Funding Corp.,
  269 FRD 245 (SDNY 2010).........................................................................................15

Soto-Lopez v. New York City Civil Service Commission, et al,
  840 F2d 162, 168 (2d Cir. 1988) ..................................................................................9

Vincent v. Money Store,
  304 FRD 446 (SDNY 2015).........................................................................................15

United States Parole Comm'n v. Geraghty,
  445 U.S. 388, 100 S.Ct. 1202 (1980)..........................................................................15

Wal-Mart Stores, Inc. v. Dukes,
  131 S.Ct. 2541 (2011)..................................................................................................12

**Statutes**                                                                                      **Pages**

42 USC § 12131..............................................................................................................4

Federal Rule of Civil Procedure 23 .......................................................1, 3, 9, 10, 12

Fed. R. Civ. P. 23(a) .................................................................................3, 9, 10, 13

Fed. R. Civ. P. 23(b) .......................................................................................10, 14

New York City Administrative Code § 26-405 ....................................................1

New York City Administrative Code § 26-509 ....................................................1

## **Preliminary Statement**

Defendants, the New York City Department of Finance and its Commissioner, Jacques Jiha (collectively, "DOF") respectfully submit this memorandum of law in opposition to plaintiffs' pre-answer motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  Plaintiffs challenge what they term DOF's "failure to implement meaningful policies, practices, and procedures in the administration of its New York City Rent Freeze Program to provide reasonable accommodations for individuals' disabilities and its failure to provide an adequate policy and procedure for determination whether an individual has good cause for re-opening and revising an administrative determination."   Class Action Amended Complaint ("Complaint") ¶1.  The cited Rent Freeze Program ("RFP") refers to both the Senior Citizen Rent Increase Exemption ("SCRIE") and the Disability Rent Increase Exemption ("DRIE")[1] programs which freeze the rent of eligible tenants such that future rent increases are provided to the landlords as tax abatement credits ("TAC") while the rent paid by the tenant remains the same.  In the instant motion plaintiffs seek to certify an exhaustive class of New York City residents who have been, or may be, denied program benefits due to DOF's alleged failure to provide a reasonable accommodation for disabled participants.   Plaintiffs' motion should be denied for a number of reasons.

First and most important, DOF has, in fact, implemented a policy, practice, and procedure that provides a reasonable accommodation for disabled individuals.  New York City Administrative Code ("Administrative Code") §§ 26-405 m(6) and 26-509 b(6) provide a six month grace period for program participants who miss the administrative deadline to recertify their benefits.  In October 2013, DOF began extending the time to recertify program benefits for

---

[1] Upon information and belief, plaintiffs' usage of the Rent Freeze Program in this context seeks to include both SCRIE and DRIE tenants.  Such usage is improper as none of the named  plaintiffs is a DRIE participant.

those who missed administrative deadlines beyond the statutory period for an additional six month period in certain limited circumstances including, among other things, a documented illness requiring hospitalization during the grace period and a documented case of Alzheimer's or dementia.  See, Affidavit of Pierre DeJean ("DeJean Aff."), ¶6 and Exhibit A thereto.  DOF prepared a draft of a new rule specifically targeted to meet the needs of those program participants who missed an administrative deadline by further extending their time to comply with those deadlines upon a showing of good cause or extraordinary medical circumstances.  The draft rule allows an additional six months beyond the statutory period for a showing of good cause and an additional eighteen months beyond the statutory period for those with documented extraordinary medical circumstances.  DeJean Aff., ¶7 and Exhibit B thereto.  While the draft rule was still under review, and not yet certified, in July 2015 DOF began implementing its provisions.  The proposed rule was certified and thereafter published in the City Record on August 21, 2015, and is scheduled for a public meeting on September 21, 2015.  See, Exhibit B to the DeJean Aff.  Thus, since July 2015, DOF has been providing a reasonable accommodation by extending the statutory grace period to one year for good cause shown and two years for a showing of extraordinary medical circumstances.

Plaintiffs further claim that DOF has failed to "provide an adequate policy and procedure for determining whether an individual has good cause for re-opening and revising an administrative determination."  Complaint, ¶1.  Such a "policy and procedure" is, in fact, provided by DOF's administrative appeal process as set forth in the published RFP Guide for Tenants.  While an appeal must be filed within sixty days, the new policy applies to that administrative deadline as well upon the same showing required for an extension of time to

recertify.  Thus, DOF has, in fact, modified its policies and practices to address the needs of program participants with disabilities, and provided the relief requested in the Complaint.

Second, even if class certification were a viable approach to challenge a policy that has already been changed to provide the relief sought, and DOF maintains that it is not, plaintiffs have not met the requirements of Rule 23.  While each plaintiff was terminated from the SCRIE program and subsequently reapproved at a higher rent, the facts of each case are so disparate as to question the commonality or typicality of their claims.  An initial review of the DOF files of the named plaintiffs[2] reveals that each of them are in different postures with respect to their requests for a reasonable accommodation.  For example, several of plaintiffs' appeals do not even claim a disability, but rather state that they were late in their renewal application because they did not receive the proper notices.  Some plaintiffs have negotiated, or are in the process of negotiating, settlements, either administratively or within the context of Article 78 proceedings, that may provide the relief sought in this action.  Some plaintiffs have provided medical documentation to support their claims of a disability, where others have merely stated that they are disabled without submitting any evidence whatsoever of their disability or how it affected their ability to timely submit the renewal paperwork.  As the facts for each plaintiff are so individual, DOF maintains that even if they meet the numerosity requirement, plaintiffs cannot satisfy the commonality or typicality criteria, and thus cannot "fairly and adequately protect the interests" of the unknown members of the class.  See, Rule 23(a).

Third, even if the Court were to agree that a class action were a viable way to proceed in this matter, the proposed class is grossly overbroad.  Courts have denied such motions on this basis, and DOF seeks such denial here.  If, however, the Court were to grant plaintiffs'

---

[2] The documents submitted to DOF by the named plaintiffs are not necessarily the same documents contained in the exhibits annexed to the Declaration of Leslie Salzman in support of plaintiffs' motion for class certification.

motion for class certification, the class must be modified in several significant ways as it is clearly overbroad. All named plaintiffs are SCRIE participants, yet the class, by referring to "[a]ll New York City residents with disabilities who are or will be eligible for the NYC Rent Freeze Program," attempts to include DRIE participants as well. As none of the named plaintiffs are DRIE participants, the interests of DRIE participants cannot be "fairly and adequately" protected by the named plaintiffs. Further, the class is not limited in time. Plaintiffs' claims, brought under the Americans With Disabilities Act ("ADA"), 42 USC § 12131, are subject to a three year statute of limitations, and the class definition should so provide. Moreover, as the proposed rule provides the relief sought in the Complaint, and DOF has been implementing the provisions of the proposed rule since July 2015, future requests of program participants and the requests of future program applicants for a reasonable accommodation are moot, as they will be considered under the new policy. Thus, plaintiffs can hardly claim that there are class members who <u>will be</u> denied the opportunity to receive program benefits because DOF "fail[ed] and refus[ed] to modify its policies, practices and activities to reasonably accommodate their disabilities and/or consider their good cause for missing a deadline." Plaintiffs' Memorandum of Law ("Pl.Mem.") at 1. Accordingly, the class need not, and should not, include future program applicants or the future requests of current program participants for a reasonable accommodation.

Finally, in response to the complaint, each of plaintiffs' DOF files is currently being reviewed under the provisions of the new policy. Counsel for plaintiffs has also provided the names of "potential" plaintiffs or class members whose files are similarly being reviewed by DOF with an eye to compliance with the proposed rule. That review is estimated to be

completed in early October 2015 and is likely to provide the relief sought in many, if not all, cases. Thus, the instant motion for class certification is also premature.

As the practices and policies challenged in this action have, in fact, been modified to provide the reasonable accommodation plaintiffs seek, and a policy is in place for those who wish to appeal a determination terminating SCRIE benefits, class certification is not necessary or appropriate. Accordingly, plaintiffs' motion for class certification should be denied.

## STATUS OF THE CASE

Plaintiffs commenced this case by filing their complaint on June 17, 2015. An amended complaint was filed on July 9, 2015. On July 13, 2015 DOF was served with the instant motion for class certification.

Plaintiffs Clarice Pfeffer, Dulce Malagon, Juan Fernandez, Milya Smotritskiy, Elvira Cardona, Julio Adon, and Nidalia Castillo Peralta[3], are all participants in the SCRIE program, which freezes the rent of eligible participants. As the rent increases over time, the participants' portion of the rent stays the same, and DOF provides the landlord with a corresponding tax credit. Plaintiffs claim that their SCRIE benefits were improperly terminated for failing to recertify their participation in the program in accordance with DOF statutory deadlines; their appeals were denied,[4] and that upon reapplying, their rents were frozen at a higher rate. The Complaint alleges that each plaintiff suffers from a disability that entitles them to a reasonable accommodation of an extension of time to meet administrative deadlines.

---

[3] Plaintiff Nidalia [misnamed in the caption as Natalia] Castillo Peralta is a SCRIE recipient. While Ms. Peralta's husband, Ramon, is also named, only one member of a household can receive SCRIE. Thus, Ramon Peralta is not proper plaintiff.

[4] Neither Plaintiff Nidalia Castillo Peralta nor Plaintiff Elvira Cardona submitted an appealed the termination of their SCRIE benefits. Plaintiff Peralta requested an expedited review of her SCRIE application after her benefits were terminated.

Counsel for plaintiffs has also referenced additional "potential" plaintiffs in their Complaint at ¶ 161, and has identified others to counsel for defendants.

Within the context of this litigation, the files of each plaintiff and each identified potential plaintiff are being reviewed by DOF under the parameters of the proposed rule to determine whether they are entitled to be reinstated at their old frozen rent. See, DeJean Aff., ¶10 and Exhibit C thereto.

## ARGUMENT

### POINT I

### CLASS CERTIFICATION IS NOT NECESSARY OR PROPER AS PLAINTIFFS' CLAIMS ARE MOOT

Plaintiffs seek a declaratory judgment that DOF's failure to establish and implement policies, practices, and procedures to reasonably accommodate plaintiffs' disabilities violates Title II of the Americans with Disabilities Act; that DOF's failure to establish and implement procedures for reopening and revising agency determinations for good cause violates the Due Process Clause; and DOF's failure to consider plaintiffs' disability-based good cause for missing an administrative deadline violates principles of equitable estoppel. Complaint, ¶¶ 170-72. Plaintiffs seek, inter alia, an order vacating DOF's determinations terminating their program benefits and those of the purported class members, and directing DOF to consider their requests for a reasonable accommodation; an order requiring DOF to establish and implement a procedure to reasonably accommodate the disabilities of class members; allow class members with disabilities to demonstrate their disability-related good cause for failing to meet administrative deadlines; and to provide a procedure for class members to request an extension of an administrative deadline or the reopening and revision of a determination for good cause. Complaint at 38-40.

DOF maintains that the provisions of the new policy provide the relief sought in the complaint such that plaintiffs' claims are moot.  "[I]n the usual case, if the basis for the claim has been rectified or if the plaintiff is no longer subject to the challenged conduct, the claim is moot.").  Bank v. Caribbean Cruise Line, Inc., 606 Fed Appx 28 (2d Cir 2015)(citing Amador v. Andrews, 655 F.3d 89, 99-100 (2d Cir 2011).  "The mootness doctrine ensures that the occasion for judicial resolution . . . persists throughout the life of a lawsuit." Amador v. Andrews, 655 F3d at 99-100 (citing Comer v. Cisneros, 37 F3d 775, 798 (2d Cir. 1994)); see also, Etuk v. Slattery, 936 F2d 1433, 1441 (2d Cir. 1991).  "It is not enough that a dispute was very much alive when suit was filed. . . . the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 US 472, 477 (1990) (quoting Los Angeles v. Lyons, 461 US 95, 101 (1983) (internal quotations omitted)).  A claim becomes moot if plainitffs no longer have a legally cognizable interest in the resolution. Murphy v. Hunt, 455 US 478, 481 (1982).

Here, DOF has provided plaintiffs with the relief they are seeking.  DOF has modified its policy and practice to provide a reasonable accommodation --  additional time -- for those with disabilities.  Specifically, as set forth in the proposed rule, the time to file a renewal application will be extended for an additional period of six months (for a total of one year) for good cause shown, and for an additional eighteen months (for a total of two years) upon a showing of extraordinary medical circumstances due to a disability as defined by the ADA or the New York City Human Rights Law.  See, DeJean Aff., ¶9, and Exhibit B thereto.  In addition, DOF has an appeal procedure in place for reconsideration of a determination as set forth in the RFP Guide for Tenants.  Further, DOF is in the process of reviewing plaintiffs' files in accordance with the proposed rule which may result in vacating the challenged determinations.

Since July 2015, and going forward, DOF will be providing the reasonable accommodation set forth in the proposed rule such that the terminations challenged in this action are not capable of repetition avoiding review. Mayers, et al v. NY Community Bancorp. Inc., et al, 2005 US Dist LEXIS 20279 (EDNY 2005). As DOF has provided the relief sought, and going forward, will implement its new policy of providing a reasonable accommodation for plaintiffs and others who have missed administrative deadlines due to a disability or for good cause shown, the matter is moot,[5] and the instant motion for class certification should be denied. Indeed, there is a policy of denying class certification in suits against the government in New York. Ruiz, et al. v. Commissioner of the Department of Transportation of the City of New York, et al., 858 F2d 898, 902 (2d Cir. 1988). Moreover, where, as here, the government has clearly indicated that the relief sought by plaintiffs – a reasonable accommodation -- is to be applied to all other qualified program applicants and recipients, the designation of a class is "largely a formality." Galvan v. Levine, 490 F2d 1255, 1261 (2d Cir. 1973) ("[I]nsofar as the relief sought is prohibitory, an action seeking declaratory or injunctive relief against state officials on the ground of unconstitutionality of a statute or administrative practice is the archetype of one where class action designation is largely a formality, . . . what is important in such a case for the plaintiffs, or, more accurately, for their counsel, is that the judgment run to the benefit not only of the named plaintiffs but of all others similarly situated.") Further, the availability of relief of a general application such as sought here is not limited to class actions. In the event that a statute has been found to be contrary to federal law (i.e., the ADA), "officials have the obligation to cease denying those benefits not just to the named plaintiffs, but also to all other qualified

---

[5] Even if this Court is not inclined, within the context of the instant motion for class certification, to decide the mootness issue, at the very least, the fact that the issue exists makes clear that any grant of class certification at this time is not appropriate.

members of the group." <u>Soto-Lopez v. New York City Civil Service Commission, et al</u>, 840 F2d

162, 168 (2d Cir. 1988).  As the relief sought is being provided, and will continue to be provided

to all those similarly situated, class certification is unnecessary, improper, and not in the interest

of judicial efficiency or of the proposed class.

        Further, in response to the complaint, and discussions with counsel, plaintiffs'

applications, as well as those of eight more "potential" plaintiffs are currently under review by

DOF, with an estimated completion date in October 2015.  <u>See</u>, DeJean Aff., ¶ 10, and Exhibit C

thereto.  This review may result in precisely the relief plaintiffs are seeking such that this motion

may also be premature as well.

## POINT II
### PLAINTIFFS FAIL TO SATISFY ALL THE REQUIREMENTS OF RULE 23(A).

        The class action was designed as "an exception to the usual rule that litigation is

conducted by and on behalf of the individual named parties only."  <u>See</u>, <u>e.g.</u>, <u>General Tel. Co. v.</u>

<u>Falcon</u>, 457 US 147, 155 (1982) (<u>citing</u> <u>Califano v. Yamasaki</u>, 442 US 682, 700-01 (1979)).

Class relief is appropriate when the issues involved are common to the class as a whole and

when they turn on questions of law applicable in the same manner to each member of the class.

<u>Id.</u>  When a district court considers whether to certify a class action, it performs the public

function of determining whether the representative parties should be allowed to pursue to the

claims of absent class members.  <u>Gariety v. Grant Thornton LLP</u>, 368 F3d 356, 366-67 (3d Cir.

2004).  A class may only be certified if the trial court is satisfied, after a "rigorous analysis," that

the prerequisites of Rule 23 have been satisfied.  <u>General Tel. Co. v. Falcon</u>, 457 US at 161.  The

party moving for class certification bears the burden of establishing that the requirements set

forth in Rule 23 have been satisfied.  <u>Amchem Prods., Inc. v. Windsor</u>, 521 US 591, 614 (1997).

In order to succeed, plaintiffs must show that they satisfy all four prerequisites of Rule 23(a):  (1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law and fact common to the class; (3) that the claims (or defenses) of the representative parties are typical of the claims (or defenses) of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class.

In addition to meeting the four requirements of Rule 23(a), plaintiffs bear the burden of showing that the class falls within at least one of the three categories set forth in Rule 23(b).  Plaintiffs herein seek certification of a class under Rule 23(b)(2) which requires that:

> the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; . . . .

A district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met, requiring resolution of any factual disputes relevant to each Rule 23 requirement.  <u>Initial Public Offering Securities Litigation v. Merrill Lynch & Co., Inc., et al</u>, 2006 US App LEXIS 29859 at *41 (2d Cir. 2006).

Plaintiffs include in their proposed class:

> All New York City residents with disabilities who are or will be eligible for the NYC Rent Freeze Program ("RFP") who have been, or will be denied the opportunity to receive RFP benefits to which they are entitled because the NYC Department of Finance ("DOF") fails and refuses to modify its policies, practices and activities to reasonable accommodate their disabilities and/or consider their good cause for missing a deadline.

Pl.Mem. at 1.  Plaintiffs allege that this class meets the requirements of Rule 23(a) and (b) because the named plaintiffs are all either elderly and/or disabled, lost their program benefits because their disability kept them from complying with an administrative deadline, and their appeal to reconsider the termination of their benefits was denied without DOF considering

"whether they were entitled to an extension of an administrative deadline, either because they had demonstrated good cause or as a reasonable accommodation for their disability." Pl.Mem. at 2. The complaint then goes on to summarize the facts relevant to each of the named plaintiffs. Pl.Mem. at 3-7. While the Complaint alleges that each plaintiff was unable to meet an administrative deadline due to his or her disability, records maintained by DOF show otherwise. Indeed, a preliminary review of plaintiffs' files, and in particular their appeals after their benefits were terminated, shows that many of them did not even mention a disability that kept them from compliance with the administrative deadlines.

For example, while plaintiff Adon states that he is "in poor physical and mental health," the reason cited for his failure to timely renew is that his representative did not get proper notification. See, Exhibit E to the Declaration of Louise Lippin ("Lippin Dec."). Similarly, Plaintiff Peralta's letter seeking an expedited review of her SCRIE application, does not allege that she failed to timely renew due to a disability or DOF's failure to provide a reasonable accommodation. Rather, the letter simply states: "Either by error or unknown omission it appears their SCRIE[6] was not renewed." See, Exhibit F to Lippin Dec.

Plaintiffs Adon, Malagon, and Smotritskiy have pending Article 78 proceedings in New York State Supreme Court challenging, as they do here, the termination of their SCRIE benefits and the subsequent denial of their appeals. Each of them is exploring possible resolution of the proceedings with DOF. Vernice Mazyck, referenced in the Complaint at ¶ 161 as a potential plaintiff/class member, also has a pending Article 78 proceeding in which the Court has ordered that the matter be referred to a Special Referee to determine "whether and to what extent

---

[6] Since SCRIE eligibility depends on age, the SCRIE application and renewal forms do not request or require any proof of a disability. Thus, DOF has no reason to be aware of any disability without the participant's offering that information. Nor would DOF be aware that a participant's disability might require a reasonable accommodation unless the participant requested one.

petitioner has a mental disability." See, Exhibit D to the Lippin Dec.  Alfida Zabela, another potential plaintiff/class member, also has a pending Article 78 proceeding, wherein DOF has cross-moved to dismiss for failure to exhaust administrative remedies.

Plaintiff Fernandez has already settled his Article 78 proceeding, and has been reinstated to his old frozen rent, as have potential plaintiffs/class members, Lucy Sanchez and Maria Mercado.[7]  See, Exhibits B, A, and C to the Lippin Dec., respectively.

Clearly, there is no common contention that is capable of class wide resolution. First, the class proposed by plaintiffs – all City residents who are, or will be, eligible for benefits but will be denied same due to DOF's refusal to modify its policies to reasonably accommodate their disabilities or consider their good cause for missing a deadline -- is too broad to satisfy the requirement of commonality given the current disparate postures of the extant claims. Additionally, there is no one contention whose resolution would "resolve an issue that is central to the validity of each one of the claims in one stroke."   Wal-Mart Stores, Inc., 131 SCt 2541, 2551 (2011).  Even assuming, *arguendo*, that the Court were to find that the determinations for each of the plaintiffs should be annulled and reconsidered, the facts of each case are so varied and specific that no one finding could be applied in each instance.  Indeed, the reasonable accommodation that DOF has been implementing since July 2015 requires a review on a case-by case basis.  Not every plaintiff has supplied evidence to show that he or she is disabled.  Not every disability can be said to preclude a timely response to a request for additional

---

[7] The Stipulations of Settlement and Discontinuance in the matters of Fernandez v. Jiha, et al, Index No. 400822/2014 and of Vera Institute of Justice, Inc., The Guardianship Project, as Guardian for Lucy Sanchez v. Jiha, et al (Index No. 100413/2015), each include a release by the petitioner of DOF and the City of New York "from any and all liability, claim, or right of action arising from or relating to the allegations contained in this proceeding, including claims for costs, expenses, and attorney's fees."  Similarly, the stipulation in Mercado v. Goldman, et al, Index No. 400357/2014, provides that the parties waive the right to seek administrative or judicial review of the matters disposed of therein.  These settlements make Fernandez an improper plaintiff, and Sanchez and Mercado improper potential plaintiffs in the instant federal action as their claims are barred by collateral estoppel and/or res

documentation or a renewal application.  To determine whether each individual plaintiff's claim is valid would require an evaluation of each plaintiff's particular condition and situation and the proof provided to support a finding of extraordinary medical circumstances or good cause.  Thus Rule 23(a) commonality is not met.

Rule 23(a)(3) requires that the claims of the representative parties are typical of the claims of the class; Rule 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class.  Both serve as guideposts for determining whether the named plaintiffs' claims and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence.  In Re Saloman Analyst Metromedia Litigation, 236 FRD 208, (SDNY 2006) (citing Caridad v. Metro-North, 191 F3d 283, 291 (2d Cir 1999)).

As with commonality, the named plaintiffs are also unsuitable in terms of typicality and adequacy of representation.  While the named plaintiffs were each denied continued benefits, reapplied, and reentered the program, each termination of benefits and each new subsequent approval for benefits was based upon a distinct set of facts.  Moreover, the evidence offered in each instance, even if plaintiffs claimed the same disability, would differ.  As such, there is no typicality among the proposed class members.  Further, none of the individual plaintiffs can be said to be typical of such a broad and diverse class and none is appropriate to fairly and adequately represent absent class members who may present a wholly unique set of facts.

Regardless of whether this issue is framed in terms of typicality or commonality of the representatives' claims, or the adequacy of its representation, the specific facts of each of

---

judicata. Gordon v. Health and Hospital Corp., 2008 US Dist Lexis 27606 (EDNY 2008) (citing, Allen v. McCurry, 449 US 90, 94 (1986). See, Exhibit A, B, and C to the Lippin Dec.

the named plaintiffs' circumstance in comparison to the potentially wide-ranging circumstances of other class members demonstrate that plaintiffs have failed to meet the Rule 23(a) requirements.  With respect to Rule 23(b)(2), DOF has, in fact, acted to provide the relief sought by plaintiffs, such that neither injunctive relief nor declaratory relief is necessary.  As plaintiffs have not met their burden of meeting the Rule 23 requirements, the motion should be denied.

## POINT III

### THE PROPOSED CLASS IS OVERBROAD

Plaintiffs define their proposed class as:

> All New York City residents with disabilities who are or will be eligible for the NYC Rent Freeze Program ("RFP") who have been, or will be denied the opportunity to receive RFP benefits to which they are entitled because the NYC Department of Finance ("DOF") fails and refuses to modify its policies, practices and activities to reasonable accommodate their disabilities and/or consider their good cause for missing a deadline.

Pl.Mem. at 1.  As an initial matter, the proposed class refers to all those eligible for the City's Rent Freeze Program, which includes DRIE as well as SCRIE recipients.  None of the named plaintiffs is a DRIE recipient, however, and thus none of the named plaintiffs can adequately represent the interests of DRIE recipients.  Thus, the class, as defined, is overbroad.

Further, the proposed class definition is overbroad in that it can be construed to include participants whose claims are barred by the three year statute of limitations applicable to cases brought under the ADA.  See, e.g, Harrison v. Harlem Hospital, et al, 364 Fed Appx 686, 688 (2d Cir. 2010).  Since the complaint was filed on June 17, 2015, the proposed class definition should be limited to the period between June 17, 2012 and June 17, 2015.  The class, as defined, is thus overbroad.

The Second Circuit has held that a Court may exercise its discretion and deny a motion for class certification if plaintiff fails to carry the burden of showing commonality or

- 14 -

typicality due to overbreath of the proposed class.  Lundquist v. Sec. Pac. Auto. Fin. Servs. Corp., 993 F2d 11, 14-15 (2d Cir. 1993) (citing United States Parole Comm'n v. Geraghty, 445 US 388, 424 n.20 (1980)); see also Newman v. RCN Telecom Servs., Inc., 238 FRD 57, 64 (SDNY 2006) and Briceno v. USI Servs. Group, Inc., 2012 US Dist LEXIS 144866, *22 (EDNY Sept. 28, 2012).  Since the proposed class here is vastly overbroad, in that it does not comply with the applicable statute of limitations and includes DRIE recipients who do not have a representative among the named plaintiffs, denial of the motion on the basis of overbreath alone is appropriate.

DOF maintains that class certification is not appropriate or warranted at this time. However, in the event that this Court decides otherwise, the proposed class is far too broad in that it includes those who are time-barred, as well as DRIE participants who are not properly represented, and fails to recognize  that any future program  applicants or recipients are outside the class, as the policies, practices, and activities complained of have been cured, and are not likely to recur.

Courts have held that a district court may carve out a narrower class from an overbroad class proposed in a complaint.  Lundquist v. Sec. Pac. Auto. Fin. Servs. Corp., 993 F2d 11, 14 (2d Cir. 1993); Vincent v. Money Store, 304 FRD 446, 453 (SDNY 2015).  District courts have "substantial discretion when performing the Rule 23 analysis to alter or modify the class [or] create subclasses." (internal quotations omitted).  Guan Ming Lin v. Benihana Nat'l Corp., 275 FRD 165, 172-173 (SDNY 2011)(quoting In re Sumitomo Copper Litigation, 262 F3d 134, 139 (2d Cir. 2001) and Shabazz v. Morgan Funding Corp., 269 F.R.D. 245, 249 (SDNY 2010)); see also Federal Rule of Civil Procedure 23(c).

Despite the discretion afforded the Court to modify a proposed class, in this instance, class certification is improper for the reasons set forth herein and plaintiffs' motion for such should be denied.

### CONCLUSION

**FOR THE REASONS STATED ABOVE, PLAINTIFFS' MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED.**

Dated:        New York, New York
              September 11, 2015

                                    Respectfully submitted,

                                    ZACHARY W. CARTER
                                    Corporation Counsel
                                        of the City of New York
                                    Attorney for DOF
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-2178


                        By:    _____
                                    Louise Lippin
                                    Assistant Corporation Counsel