UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CLARICE PFEFFER, DULCE MALAGON,
JUAN FERNANDEZ, MILYA SMOTRITSKIY,
ELVIRA CARDONA, JULIO ADON,
RAMON PERALTA,
NATALIA CASTILLO PERALTA,
Individually and on behalf of all others
similarly situated,

                            Plaintiffs,

RAMON ALVARADO, and MARIA ALAMAR,

                            Plaintiffs-Intervenors,

                - against -

NEW YORK CITY DEPARTMENT OF
FINANCE, JACQUES JIHA, as
Commissioner of the New York City
Department of Finance,

                            Defendants.

-----------------------------------------------------------------x

**STIPULATION AND ORDER REGARDING THE DEATH OF PLAINTIFF CLARICE PFEFFER**

15 CV 3547 (LB)

WHEREAS, this action was commenced in 2015 and continuously has been known under the name, *Pfeffer et al. v. NYC Department of Finance, et ano*;

WHEREAS, due to her disability Plaintiff Clarice Pfeffer had around-the-clock home care services and received involuntary financial management services from JASA/Adult Protective Services ("JASA /APS");

WHEREAS, the Adult Protective Services Psychiatric Evaluations dated 05/01/2013 and 02/24/2015 indicated that Plaintiff Pfeffer was never married and had no children;

WHEREAS, Plaintiff Pfeffer passed away on October 13, 2016;

WHEREAS, JASA/APS informed counsel for Plaintiffs that Plaintiff Pfeffer died intestate, had no assets at the time of her death, and that there has been no application for appointment of an Administrator of the Estate; and

WHEREAS, the parties have reached a comprehensive settlement of this matter;

It is hereby agreed by and between counsel for the parties:

1. Ms. Pfeffer has received all the relief to which she was entitled under the claims in this lawsuit;

2. Ms. Pfeffer has passed away and, according to JASA/APS, has no estate;

3. In the ordinary course of this litigation, Plaintiffs' counsel would have notified the court of Ms. Pfeffer's death, and pursuant to Federal Rule of Civil Procedure 25, her individual claims would abate and her name would be removed from the case caption;

4. Under the particular circumstances of this case, however, where the action has been litigated in Ms. Pfeffer's name for the last three years, out of respect to Plaintiff Pfeffer and her participation in this action while alive, the parties have agreed to maintain her name in the caption of this action, despite her death and the resulting extinguishment of her claims.

Dated: March 12, 2018
New York, N.Y.

*[signature]*
Leslie Salzman, Esq.
Cardozo Bet Tzedek Legal Services
55 Fifth Avenue, 11th Floor
New York, New York 10003
(212) 790-0240

*[signature]*
JASA/ Legal Services for the Elderly in Queens
Donna Dougherty and Rikki Dascal, of counsel
97-77 Queens Boulevard Suite 600
Rego Park, New York 11374
(718) 286-1500

*[signature]*
Northern Manhattan Improvement Corporation Legal Services
Matthew J. Chachère, of counsel
45 Wadsworth Ave.
New York, N.Y. 10033
(212) 822-8300

Counsel for Plaintiffs

*Diana Murray* (signature)

Zachary W. Carter
Corporation Counsel of the City of New York
Michelle Goldberg-Cahn, Asst. Corporation Counsel
Louise Lippin, Asst. Corporation Counsel
Diana Murray, Asst. Corporation Counsel
100 Church St.
New York, N.Y. 10007
(212) 356-2182

Counsel for Defendants

So Ordered:

_____
Magistrate Judge Lois Bloom